IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. **09-cv-00402-JLK-KMT**

**TIC-THE INDUSTRIAL COMPANY,**

    Plaintiff,

v.

**LIBERTY MUTUAL INSURANCE COMPANY,**

    Defendant.

___

ORDER REMANDING CASE TO STATE COURT
___

KANE, J.

This breach of contract/bad faith insurance action is before the court for the second time on a so-called Petition for Removal, the first having been rejected, *sua sponte*, by Judge Krieger in her order remanding Plaintiff's state court Complaint back to Routt County in Civil Action No. 09-cv-00365 (Doc. 5). In her Order, Judge Krieger noted federal courts are courts of limited jurisdiction and determined Defendant's failure to identify an amount in controversy precluded any finding of federal diversity jurisdiction under 28 U.S.C. § 1332 and therefore necessitated a remand. Unfortunately, Defendant's second attempt fares no better.

To be removable, a civil action must satisfy the requirements for federal jurisdiction. 28 U.S.C. § 1441(a). Federal jurisdiction in the instant removal action is premised on diversity of citizenship under 28 U.S.C. § 1332. In this circuit, Courts are "rigorously [to] enforce Congress' intent to restrict federal jurisdiction in controversies

between citizens of different states." *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1289 (10th Cir. 2001) (quoting *Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1339 (10th Cir. 1998)). "[T]here is a presumption against removal jurisdiction," *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995), *see Franklin*, 251 F.3d at 1289, so that all doubts are resolved in favor of remand. *Fajen v. Foundation Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982).

In a removal case, the removing defendant has the burden of establishing that the jurisdictional prerequisites of § 1332, specifically including the amount in controversy requirement, have been satisfied. *Franklin*, 251 F.3d at 1290. When the plaintiff's damages are unspecified, the defendant must establish the jurisdictional amount by a preponderance of the evidence. *Id.*

While in its second "Petition"[1] Defendant does assert the existence of the $75,000 jurisdictional amount in controversy, the sole basis for the assertion is Plaintiffs' "Simplified Procedure under C.R.C.P. 16.1" representation in their state court action Civil Case Cover Sheet. *See* Notice (Doc. 1) at p.2. As Judge Krieger observed in her detailed opinion in *Baker v. Sears Holding Corp.*, 557 F.Supp.2d 1208, 1215 (D.Colo. 2007), a Colorado Civil Case Cover Sheet is neither a pleading nor an exhibit, and in its purpose does not serve as evidence from which the existence of the jurisdictional amount in controversy can be inferred. Under established Tenth Circuit law, therefore, reliance solely on the Civil Cover

---

[1] I note the proper vehicle for removing a state court action to federal court under 28 U.S.C. § 1446 is the filing of a Notice of Removal, which if proper effects removal without further court action rather than a "petition" or "motion," which requires such action to be effective.

Sheet as a demonstration of the amount in controversy is not permissible to establish removal jurisdiction. *See id.*

This case is again REMANDED to the District Court for Routt County, Colorado. Counsel is encouraged to consult 28 U.S.C. § 1446 and the Local Rules of this Court, and to review the cases cited above, before attempting a third time to remove the Routt County action.

Dated March 3, 2009.

**s/John L. Kane**
SENIOR U.S. DISTRICT JUDGE